IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

Robert Franklin Van Zandt,

    Debtor.

_____/

Nos. C 14-0561 CW
     14-2085 CW

Bk. Nos. 12-32655-HLB
        12-03184-HLB

ORDER DENYING DEBTOR'S MOTION FOR REHEARING AND TO VACATE ORDER AFFIRMING BANKRUPCTY COURT

    Debtor Robert Franklin Van Zandt has filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's October 10, 2014 order affirming the Bankruptcy Court's orders dismissing his adversary proceeding with prejudice and granting sanctions against him.[1]  Rule 60(b) allows a party to seek reconsideration of a "final judgment, order, or proceeding" when one of the following is shown: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b).

---

[1] As Appellee argues, it is not clear that Debtor can bring a Rule 60(b) motion in this bankruptcy appeal.  The Court need not decide whether the motion is proper, because it is without merit.

1    Debtor first argues that the Court's finding that he failed
2 to present any authority "in his opposition to the motion to
3 dismiss in the Bankruptcy Court, or his brief on appeal"
4 permitting "the Bankruptcy Court to vacate a pre-petition state
5 court pre-filing order" is contrary to the record in this case.
6 Case No. 14-561, Docket No. 12 at 3.  However, he simply states
7 that his opening brief in this appeal "provides ample authorities"
8 to support his argument.  Id.  The Court has reviewed that brief
9 and it contains no such authority.

10   Debtor next argues that the Court erred because it found that
11 the Bankruptcy Court had jurisdiction "to impose sanctions after
12 the filing of a notice of appeal from a decision on the merits."
13 Case No. 14-561, Docket No. 10 at 4.  Debtor asserts that there
14 was no decision on the merits in the Bankruptcy Court.  However,
15 as Debtor himself states, the Bankruptcy Court dismissed the case
16 for "failure to state a claim and for lack of jurisdiction under
17 Rooker-Feldman."  Case No. 14-561, Docket No. 12 at 4.  A
18 dismissal for failure to state a claim is a decision on the
19 merits.  See Fed. R. Civ. P. 41(b).

20   For the reasons stated above, the Court DENIES Debtor's
21 motion for rehearing and to vacate the order affirming the
22 Bankruptcy Court.  Case No. 14-561, Docket No. 12; Case No. 14-
23 2085, Docket No. 11.

24   IT IS SO ORDERED.

Dated: November 19, 2014

_____
CLAUDIA WILKEN
United States District Judge

2